IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

QUARTAUIS DEMONTEZ MULDREW                                    PLAINTIFF

v.                    Civil No. 4:24-CV-04085-BAB

CAPTAIN JAMES WISE;
OFFICER KAREN GHORMLEY;
SHERIFF STEVEN OTTWELL;
and DEPUTY TURNER REED                                        DEFENDANTS

## ORDER TO SEVER

Plaintiff, Quartauis Demontez Muldrew, currently an inmate of the Hempstead County Detention Center in Hope, Arkansas, originally submitted his *pro se* civil rights Complaint under 42 U.S.C. 1983 on August 8, 2024. (ECF No. 1). The Court granted Plaintiff's *in forma pauperis* (IFP) status on the same day. (ECF No. 3).

In his Complaint Plaintiff alleges four claims. First, he alleges Defendant Deputy Turner Reed from the Hempstead County Sheriff's Office improperly searched and seized him and evidence during his arrest. (ECF No. 1, p. 4). Second, Plaintiff claims Defendant Captain Wise, from Hempstead County Detention Center ("HCDC"), denied him mental health care on an undisclosed date. (ECF No. 1, p. 6). Third, Plaintiff claims Karen Ghormley, of the Nevada County Detention Center ("NCDC") violated his constitutional rights on July 14, 2014 through the conditions of his confinement in the NCDC. (ECF No. 1, p. 9). Finally, in Plaintiff's last claim he sates Defendant Steven Ottwell, also from the NCDC, violated his constitutional rights on July 14, 2024 through the conditions of his confinement. (ECF No. 1, p. 10).

"Although plaintiff generally has the prerogative of joining multiple defendants or bringing separate actions, there are limitations on this right." 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Fed. Prac. & Proc. Civ. § 1657 (3d ed. 1998 & Supp. 2021). Rule 20(a)(2) of the

1

Federal Rules of Civil Procedure provides:

> Persons ... may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).

In this case, there is no logical relationship between Plaintiff's claims against the Hempstead County Defendants and the Nevada County Defendants. The claims arise out of different occurrences in different locations. Rule 21 provides that "[m]isjoinder of parties is not a ground for dismissing an action." Fed. R. Civ. P. 21. However, the Court may at any time drop parties or sever any claim against a party. *Id.* "'[S]everance under Rule 21 creates two separate actions where previously there was but one.'" *Reinholdson v. Minnesota*, 346 F.3d 847, 850 (8th Cir. 2003) (quoting *United States v. O'Neil*, 709 F.2d 361, 368 (5th Cir. 1983)).

Accordingly, the Clerk is directed to:

(1) sever the Plaintiff's claim against the Nevada County Defendants and open a separate lawsuit in Plaintiff's name listing Officer Karen Ghormley and Deputy Steven Otwell as the Defendants;

(2) file a copy of the Complaint in the severed case;

(3) file a copy of this Order in the severed case;

**Plaintiff is also directed to file an Amended Complaint in both cases. The Clerk is directed to mail** Plaintiff two court-approved 1983 complaint and one *in forma pauperis* ("IFP") forms. Plaintiff must file a new IFP application in the new case but not the instant case. Plaintiff is directed to file the Amended Complaints and IFP by **no later than September 27, 2024.**

**Plaintiff is advised that failure to comply with this Order shall result in the dismissal of both cases.**

  IT IS SO ORDERED this 6th day of September 2024.

              /s/ *Barry A. Bryant*
              HON. BARRY A. BRYANT
              UNITED STATES MAGISTRATE JUDGE